United States District Court
Northern District of California

ROBERT H. O'CONNOR,

           Plaintiff,

      v.

CAPITAL ONE, N.A.,

           Defendant.

Case No.: CV 14-00177-KAW

ORDER GRANTING DEFENDANT CAPITAL ONE, N.A.'S MOTION TO DISMISS

On February 7, 2014, Defendant Capital One, N.A. filed a motion to dismiss Plaintiff Robert H. O'Connor's complaint. (Def.'s Mot. to Dismiss., "Def.'s Mot.," Dkt. No. 4.)

On May 15, 2014, the Court held a hearing, and after careful consideration of the parties arguments and the applicable legal authority, and for the reasons set forth below, GRANTS Capital One's motion to dismiss.  The Court also GRANTS Plaintiff permission to file, within 30 days, a motion for leave to file an amended complaint consistent with this order.

## I.     BACKGROUND

On or about May 16, 2013, Plaintiff allegedly received a notice from Defendant Capital One concerning the property located at 67 Laken Lane, Palm Desert, CA ("Subject Property"). (Compl., Dkt. No. 1 ¶ 6.) The notice concerned "an alleged loan, mortgage, [and/or] Deed of Trust." *Id.*

On July 29, 2013, Plaintiff served Defendant with a Notice of Validation of Debt. (*Id.* at ¶ 7, Ex. B.) Plaintiff claims that the notice required Defendant to validate or verify Plaintiff's alleged debt pursuant to the Fair Debt Collection Practice Act ("FDCPA"). *Id.*

On or about August 2, 2013, Plaintiff received a response from Defendant. (Compl. ¶ 8, Ex. C.)  Defendant informed Plaintiff that Chevy Chase Bank, F.S.B., Plaintiff's original lender, was acquired by Capital One, N.A., thus "Capital One not only became the servicer of the loan,

United States District Court
Northern District of California

but also the investor." (Compl., Ex. C.) Defendant also enclosed a copy of Plaintiff's Adjustable Rate Note for the Subject Property to satisfy Plaintiff's validation request. *Id.*

Thereafter, Plaintiff received a payoff statement from Defendant, dated October 5, 2013, containing the amount owed on the loan, including interest and late charges. (Compl., Ex. A.)

On November 22, 2013, Plaintiff allegedly obtained a copy of his consumer credit report from Equifax, Experian, and Transunion, and discovered that Defendant reported his alleged debt to all three agencies. (Compl. ¶ 9.)  On or around November 22, 2013, Plaintiff immediately disputed those entries with the credit reporting bureaus pursuant to the Fair Credit Reporting Act ("FCRA"). *Id.*  Plaintiff further alleges that, at the time of filing the complaint, the "erroneous information" was still on his credit report. *Id.*

Plaintiff claims that Defendant engaged in deceptive and illegal acts in its attempt to collect Plaintiff's alleged debt. (Compl. ¶ 11.)  Plaintiff asserts that the FDCPA, FCRA, and California consumer protection laws apply even if Defendant was collecting a legitimate debt, and further asserts that Defendant is not a creditor, since it did not provide Plaintiff any credit. *Id.* Instead, Plaintiff alleges that Defendant is a "debt collector" pursuant to the FDCPA. *Id.*

Plaintiff alleges that he has suffered "significant economic harm" as a result of Defendant's erroneous credit reporting. (Compl. ¶ 10.)

On January 13, 2014, Plaintiff Robert H. O'Connor, proceeding pro se, filed this case against Defendant Capital One consisting of four causes of action[1]: (1) violation of FCRA; (2) invasion of privacy; (3) negligent, wanton, and/or intentional hiring and supervision of incompetent employees or agents; and (4) violation of the FDCPA.

On February 7, 2014, Defendant filed a motion to dismiss the complaint.  On March 10, 2014, Plaintiff filed his opposition. (Pl.'s Opp'n, Dkt. No. 20.)  On March 14, 2014, Defendant filed its reply. (Def.'s Reply, Dkt. No. 22.)

///

///

---

[1] Plaintiff's Complaint contains four causes of action, but they are misnumbered and he does not assert a second or a fifth cause of action. The Order, however, will address them as they are numbered in the Complaint for the purposes of consistency.

## II.   LEGAL STANDARD

**A.   Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6)**

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss based on the failure to state a claim upon which relief may be granted. A motion to dismiss based on rule 12(b)(6) challenges the legal sufficiency of the claims alleged in the complaint. *See Parks Sch. of Bus. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995).

In considering a 12(b)(6) motion, the court must "accept as true all of the factual allegations contained in the complaint," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citation omitted), and may dismiss the case "only where there is no cognizable legal theory" or there is an absence of "sufficient factual matter to state a facially plausible claim to relief." *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009); *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)) (quotation marks omitted).

A claim has facial plausibility when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted). In other words, the facts alleged must demonstrate "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Threadbare recitals of the elements of a cause of action" and "conclusory statements" are not adequate. *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully.... When a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (quoting *Twombly*, 550 U.S. at 557) (internal citations omitted).

Generally, if the court dismisses the complaint, it should grant leave to amend even if no request to amend is made "unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (quoting *Cook, Perkiss and Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990)).

United States District Court
Northern District of California

3

United States District Court
Northern District of California

**B.      Request for Judicial Notice**

As a general rule, a district court may not consider any material beyond the pleadings in ruling on a 12(b)(6) motion to dismiss for failure to state a claim. *Lee v. City of Los Angeles,* 250 F.3d 668, 688 (9th Cir. 2001).  A district court may take notice of facts not subject to reasonable dispute that are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed.R.Evid. 201(b); *United States v. Bernal–Obeso,* 989 F.2d 331, 333 (9th Cir.1993).  "[A] court may take judicial notice of 'matters of public record,'" *Lee*, 250 F.3d at 689 (citing *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986)), and may also consider "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading" without converting a motion to dismiss under Rule 12(b)(6) into a motion for summary judgment.  *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), overruled on other grounds by *Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002).  The court need not accept as true allegations that contradict facts which may be judicially noticed.  *See Mullis v. United States Bankruptcy Ct.*, 828 F.2d 1385, 1388 (9th Cir. 1987).

### III.      DISCUSSION

Defendant seeks to dismiss the instant action under Federal Rule of Civil Procedure 12(b)(3), on the grounds that venue is improper, as well as under Federal Rule of Civil Procedure 12(b)(6), on the grounds that Plaintiff cannot state a claim upon which relief may be granted. (Def.'s Mot. at 1.)[2]

**A.      Failure to meet pleading standards**

Rule 8 requires "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. Pro. 8(a)(2).  Here, the complaint does not even provide a formulaic recitation of the elements of each cause of action, which would still be insufficient to withstand a motion to dismiss under Rule 12(b)(6). *See Twombly,* 550 U.S. at 555.  Instead,

---

[2] While venue is improper in the U.S. District Court for the Northern District of California, because the property is located in Riverside County, the Court will address Defendant's Rule 12(b)(3) argument should Plaintiff file a motion for leave to file an amended complaint.

1  Plaintiff appears to have copied and pasted sections of the pertinent statutes with scant

2  information as to how Defendant's actions constitute a cognizable claim.

3         Further, all of Plaintiff's causes of action reallege the preceding paragraphs without

4  identifying which facts relate to which causes of action, leaving the Court to guess which facts

5  pertain to which causes of action.  Accordingly, as currently pled, the complaint is wholly

6  insufficient and fails to comply with the *Iqbal-Twombly* pleading standard.  Nonetheless, even if

7  Plaintiff was granted leave to amend the complaint, his causes of action fail for the reasons set

8  forth below.

9  **B.     Judicial Notice**

10        Defendant asks that the Court take judicial notice of a number of documents in

11 support of its motion to dismiss.  (Def.'s Req. for Judicial Not., "RJN," Dkt. No. 5.)  The

12 documents are purportedly true and correct copies of: A) a Deed of Trust, recorded in the

13 Riverside County Recorder's Office on July 9, 2013; B) Capital One Financial Corporation's

14 10-Q Form, filed with the U.S. Securities and Exchange Commission, dated September 30,

15 2009; C) a Notice of Default, recorded on October 27, 2009 with the Riverside County

16 Recorder's Office; D) a Substitution of Trustee, recorded with the Riverside County

17 Recorder's Office on November 23, 2009; E) a Notice of Trustee's Sale, recorded on April

18 29, 2010 with the Riverside County Recorder's Office; F) a Notice of Rescission of Notice

19 of Default, recorded on November 17, 2010 with the Riverside County Recorder's Office; G)

20 an Assignment of Deed of Trust recorded with the Riverside County Recorder's Office on

21 May 29, 2012, naming Capital One as the new beneficiary under the Deed of Trust; H) a

22 Substitution of Trustee, recorded with the Riverside County Recorder's Office on May 29,

23 2012; I) a Notice of Default, recorded on May 29, 2012 with the Riverside County

24 Recorder's Office; J) a Notice of Trustee's Sale, recorded on September 4, 2012 with the

25 Riverside County Recorder's Office; K) a Notice of Rescission of Notice of Default,

26 recorded on September 17, 2012 with the Riverside County Recorder's Office; L) a Notice of

27 Default, recorded on October 31, 2013 with the Riverside County Recorder's Office; M)

28 Voluntary Petition in Plaintiff's Bankruptcy proceeding, filed on November 26, 2013; N)

United States District Court
Northern District of California

United States District Court
Northern District of California

1    Order and Notice of Dismissal entered on December 20, 2013, and Order and Notice of

2    Dismissal entered on January 17, 2014 in the O'Connor Bankruptcy; and O) complaints filed

3    in the six O'Connor civil actions.

4        Plaintiff's opposition does not directly address Defendant's request for judicial

5    notice, although it appears that he may generally dispute the authenticity of the exhibits as he

6    "denies defendants (sp?) reference to any pertinent facts...." (*See* Pl.'s Opp'n at 3.)  It is

7    unclear on what grounds Plaintiff could challenge the authenticity of these exhibits, as courts

8    routinely take judicial notice of these types of documents.

9        Accordingly, the Court finds that Exhibits A through L are true and correct copies of

10   official public records, whose authenticity is capable of accurate and ready determination by

11   resort to sources whose accuracy cannot reasonably be questioned.  *See* Fed. R. Evid. 201(b).

12   The Court will also take judicial notice of Exhibits M through O, because they are true and

13   correct copies of court records.  *See United States v. Wilson*, 631 F.2d 118, 119 (9th Cir.

14   1980).

15       For the reasons set forth above, Defendant's Request for Judicial Notice is

16   GRANTED.

17   **C.    Motion to Dismiss pursuant to Rule 12(b)(6)**

18       Capital One seeks to dismiss all claims under Rule 12(b)(6) on the grounds that Plaintiff

19   cannot state a claim for which relief may be granted. (Def.'s Mot. at 2.)

20       1.   Fair Debt Collections Practices Act (Claim 6)

21       Plaintiff's sixth cause of action is for violations of the Fair Debt Collects Practices Act

22   ("FDCPA"), 15 U.S.C. § 1692.  The FDCPA "prohibits 'debt collector[s]' from making false or

23   misleading representations and from engaging in various abusive and unfair practices." *Heintz v.*

24   *Jenkins,* 541 U.S. 291, 292 (1995). In order to establish a claim under the Fair Debt Collections

25   Practices Act, Plaintiff must show: (1) that he is a consumer within the meaning of 15 U.S.C. §§

26   1692a(3) and 1692c(d); (2) that the debt arises out of a transaction entered into for personal

27   purposes; (3) that the defendant is a debt collector within the meaning of 15 U.S.C. § 1692a(6);

28   and (4) that the defendant violated one of the provisions of the FDCPA, 15 U.S.C. §§ 1692a–

1692o. *Gutierrez v. Wells Fargo Bank*, C 08-5586 SI, 2009 WL 322915, at *2 (N.D. Cal. Feb. 9,

2009); *see Creighton v. Emporia Credit Service, Inc.*, 981 F. Supp. 411, 414 (E.D. Va. 1997).

Plaintiff claims that he is a "consumer" within the meaning of 15 U.S.C. §§ 1692a(3) and

1692c(d), and that the debt arises out of a transaction incurred for household purposes,

presumably because it concerns the purchase of real property. (*See* Compl. ¶ 34.) Defendant does

not challenge these allegations, but instead argues that Plaintiff's FDCPA claim fails for two

reasons: (1) that Defendant is not a "debt collector" within the meaning of the statute, and (2) a

foreclosure proceeding on a property pursuant to a deed of trust is not the collection of a debt

within the meaning of the FDCPA. (Def.'s Mot. at 11-12; Def.'s Reply at 3-5.) The Court finds

Defendant's arguments to be persuasive.

### a. *Defendant is not a "debt collector" under the FDCPA*

Plaintiff alleges that Defendant is a "debt collector" under the FDCPA, and that Defendant

violated the statute through its efforts to collect payment pursuant to the Subject Property's deed

of trust. (Compl. ¶ 34.)

In order to be liable under the FDCPA, Defendant must fall within the statutory definition

of "debt collector" and have been engaged in the collection of a debt. *Gutierrez*, 2009 WL

322915, at *2; *see Izenberg v. ETS Servs., LLC,* 589 F. Supp. 2d 1193, 1198–99 (C.D. Cal. 2008).

A "debt collector" is defined as (1) "any person who uses any instrumentality of interstate

commerce or the mails in any business the principal purpose of which is the collection of any

debts, or (2) who regularly collects or attempts to collect, directly or indirectly, debts owed or due

or asserted to be owed or due another." 15 U.S.C. § 1692a(6).

Here, Plaintiff argues that he never entered into a contract with Defendant, so Defendant

must be classified as a debt collector under the FDCPA. (Pl.'s Opp'n at 3.)  Defendant contends

that it is not a debt collector, but rather a creditor and so is exempt from liability under the

FDCPA if it is not also a "debt collector." (Def.'s Mot. at 11.) Under the FDCPA, a creditor is

one who "offers or extends credit creating a debt or to whom a debt is owed." 15 U.S.C. §

1692a(4).  The Ninth Circuit, while rejecting the per se rule adopted by other Courts of Appeal

that a creditor cannot be debt collectors, has held that a plaintiff "must plead factual content that

United States District Court
Northern District of California

allows the court to draw the reasonable inference' that [Defendant] is a debt collector." *Schlegel v. Wells Fargo Bank, N.A.,* 720 F.3d 1204, 1208 n. 2. (9th Cir. 2013).

Plaintiff fails to allege sufficient facts to plead that Defendant is a debt collector, because the complaint does not expressly state that the "principal purpose" of Defendant's business is debt collection, or that Defendant regularly collects or attempts to collect, debts owed or due another. Nor does Plaintiff plead facts showing that Capital One was assigned a defaulted loan for the purposes of debt collection, which is generally required for a finding of debt collector status under the FDCPA. *Brown v. U.S. Bank Nat'l Ass'n,* C12-04587 HRL, 2013 WL 4538131, at *3 (N.D. Cal. Aug. 23, 2013); *see also Nool v. HomeQ Servicing,* 653 F. Supp. 2d 1047, 1053 (E.D. Cal. 2009) (citing *Perry v. Stewart Title Co.,* 756 F.2d 1197, 1208 (5th Cir.1985)).

Further, Defendant is the successor in interest to Chevy Chase Bank, Plaintiff's original lender, and was assigned Chevy Chase's interest in the Subject Property on May 17, 2012. (Def.'s Mot. at 12; RJN, Exs. B, G.)  This transfer of interest occurred prior to Plaintiff's loan entering default status on May 25, 2012. (Def.'s Mot. at 12; RJN, Ex. I.)

As provided above, Plaintiff's cause of action is not only conclusory, but also fails to state sufficient facts to allege that Defendant is a "debt collector" under the FDCPA.  To the contrary, Defendant is not a "debt collector" for the purposes of the FDCPA, because it owned Plaintiff's residential mortgage loan, and its primary purpose is not debt collection.

   b.   *Foreclosing on a property pursuant to a deed of trust is not debt collection*

Even if Defendant were a "debt collector," non-judicial foreclosure proceedings do not fall within the purview of the FDCPA. *See, e.g., Rockridge Trust v. Wells Fargo, N.A.*, C-13-01457 JCS, 2013 WL 5428722, at *13 (N.D. Cal. Sept. 25, 2013) (citing *Natividad v. Wells Fargo Bank, N.A.*, No. 3:12–cv–03646, 2013 WL 2299601, at *5-9 (N.D. Cal. 2013); *Ligon v. JP Morgan Chase Bank,* No. C 11–2504, 2011 WL 2550836, at *3 (N.D. Cal. June 27, 2011).  The Subject Property is being foreclosed upon pursuant to a deed of trust, and Defendant, rather than collecting a debt owed to another, is merely enforcing its own security interest as the lender.

Accordingly, Defendant is shielded from FDCPA liability, and the FDCPA cause of action is dismissed without leave to amend, because any amendment would be futile.

United States District Court
Northern District of California

8

2.   <u>Fair Credit Reporting Act (Claim 1)</u>

Plaintiff's first cause of action is for the violation of the Fair Credit Reporting Act ("FCRA"). Plaintiff contends that Defendant failed to delete inaccurate information on his credit report, to investigate his disputes, and to follow reasonable procedures to maintain the accuracy of his credit report. (Compl. ¶¶ 18-19.)

The FCRA imposes certain obligations on persons who furnish information to credit reporting agencies ("CRAs"). *See* 15 U.S.C. § 1681s–2. Furnishers have an initial duty to provide accurate information to CRAs, as well as an additional series of duties once a furnisher receives notice from a CRA that a consumer disputes the accuracy of the furnisher's reporting. *See* 15. U.S.C. §§ 1682s–2(a),(b). Plaintiff alleges violations of both duties, which the Court addresses below.

a.   *There is no private right of action under § 1681s-2(a).*

Plaintiff alleges that Defendant violated Section 1681s-2(a), which prohibits furnishers from reporting information they know or have reason to believe is inaccurate. 15 U.S.C. § 1681s-2(a)(1)(A); *Giovanni v. Bank of Am., Nat. Ass'n*, C 12-02530 LB, 2013 WL 1663335, at \*5 (N.D. Cal. Apr. 17, 2013). Consumers, however, have no private right of action against a furnisher of false information under this subsection. *See Nelson v. Chase Manhattan Mortg. Corp.*, 282 F.3d 1057, 1060 (9th Cir. 2002) (This limitation on liability and enforcement is reinforced by subsection (d) of § 1681s-2, which provides that subsection (a) "shall be enforced exclusively under section 1681s of this title by the Federal agencies and officials and the State officials identified in that section."); *see Giovanni*, 2013 WL 1663335, at \*5; *Gens v. Wachovia Mortgage Corp.*, 10-CV-01073-LHK, 2011 WL 1791601, at \*7 (N.D. Cal. May 10, 2011) <u>aff'd</u>, 503 F. App'x 533 (9th Cir. 2013).

Thus, Plaintiff's allegation that Defendant furnished false information to credit reporting agencies is not, in itself, actionable under Section 1681 s–2(a), because it does not provide the consumer with a private right of action. *Gens*, 2011 WL 1791601, at \*7. Accordingly, Plaintiff's claim under § 1681s-2(a) is dismissed without leave to amend, as the lack of a private right of action makes any further amendment futile.

9

United States District Court
Northern District of California

b. *Plaintiff's claim under § 1681s-2(b) also fails.*

Plaintiff, however, does have standing to pursue a claim under § 1681s-2(b). *See Nelson*, 282 F.3d at 1060. Subsection (b) provides consumers with a private right of action, which imposes a series of duties once a furnisher receives notice directly from a CRA that a consumer disputes the accuracy of the furnisher's reporting. *Landini v. FIA Card Servs., Nat'l Ass'n*, C13-01153 HRL, 2014 WL 587520, at *3 (N.D. Cal. Feb. 14, 2014). After receiving a notice of dispute from a CRA, the furnisher must:

    (A) conduct an investigation with respect to the disputed information;

    (B) review all relevant information provided by the consumer reporting agency pursuant to section 1681(a)(2) of this title;

    (C) report the results of the investigation to the consumer reporting agency;

    (D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis and;

    (E) if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph (1), for the purposes of reporting to a consumer reporting agency only, as appropriate, based on the results of the reinvestigation promptly--

        (i) modify that item of information;

        (ii) delete that item of information; or

        (iii) permanently block the reporting of that item of information.

15 U.S.C. § 1681s-2(b)(1).

While Plaintiff may pursue a cause of action under subsection (b), his claim fails for two reasons. First, Plaintiff has not sufficiently pled facts establishing that Defendant engaged in inaccurate credit reporting. *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 890 (9th. Cir. 2010) ("Although the FCRA's reinvestigation provision [in section 1681s-2(b)] . . . does not on its face require than an actual inaccuracy exist for a plaintiff to state a claim, many courts, including our own, have imposed such a requirement."). As Defendant correctly points out, Plaintiff's complaint fails to provide any facts as to what negative information was reported, let alone the supposed inaccuracy. (Def.'s Mot. at 8; Compl. ¶¶ 9, 18, 22.) Instead, Plaintiff alleges only that he discovered that Defendant reported the alleged debt concerning the Subject Property to the credit bureaus. (Compl. ¶

9.)  Plaintiff's allegation that he is "without specific knowledge and evidence" of the "loan, mortgage, and or Deed of Trust" is conclusory, and does not sufficiently put Defendant on notice of what was allegedly inaccurate about the reporting. *See Iyigun v. Cavalry Portfolio Servs.*, LLC, CV-12-8682-MWF JEMX, 2013 WL 950947, at *1 (C.D. Cal. Mar. 12, 2013) ("The plain allegation that 'the accounts do not belong to' [the plaintiff] does not provide [the defendant] sufficient notice of the claims against it because it does not sufficiently identify the inaccuracies of the alleged reporting."); *Engler v. ReconTrust Co.*, No. CV12-1165, 2013 U.S. Dist. LEXIS 179950, at *20-21 (C.D. Cal. Dec. 20, 2013).

Second, even if Plaintiff sufficiently alleges which information was inaccurately reported, Plaintiff bears the burden of showing that Defendant's investigation was unreasonable. *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1154 (9th Cir. 2009). Plaintiff alleges that he reported the purported inaccuracies in his credit report to the CRAs and to Defendant, and that Defendant "failed to delete information found to be inaccurate and erroneous, and/or failed to properly investigate Plaintiff's disputes" and failed to conduct a proper and lawful reinvestigation. (Compl. ¶¶ 18-19.) Plaintiff, however, fails to offer any factual allegations supporting his contention that Defendant's investigation of his disputed account was unreasonable. *See Berberyan v. Asset Acceptance, LLC*, CV 12-4417-CAS PLAX, 2013 WL 1136525, at *5 (C.D. Cal. Mar. 18, 2013) (allegation that furnisher "fail[ed] to conduct a proper investigation" was insufficient to state a section 1681s-2(b) claim.); *Iyigun*, 2013 WL 950947 at *1. Essentially, what Plaintiff offers is a mere label, conclusion, and a formulaic recitation of the elements of this cause of action, and this is insufficient to survive a motion to dismiss. *Twombly*, 550 U.S. at 555.

Moreover, Plaintiff's contention that he does not owe the debt in question is implausible, as is his contention that Defendant is not a legitimate creditor, in light of the judicially noticed documents and the Adjustable Rate Mortgage Note, attached to the Complaint. (*See* Compl., Ex. B.)  Thus, Plaintiff's cause of action under § 1681s-2(b) fails as a matter of law and is dismissed.

///

///

United States District Court
Northern District of California

      *c.   Other FCRA allegations*

      Plaintiff also contends that Defendant violated 15 U.S.C. § 1681e(b). (Compl. ¶ 19.) Section 1681e(b), however, only applies to consumer reporting agencies, not furnishers.  As Defendant is not a CRA, and Plaintiff does not name any reporting agencies as defendants in this action, this allegation also fails.

      Finally, Plaintiff alleges that Defendant's actions "were done in malice, were done willfully, and were done with either the desire to harm Plaintiff and/or with the knowledge that their actions would very likely harm Plaintiff and/or their actions were taken in violation of the FCRA and state law and/or they knew or should have known that their actions were in reckless disregard of the FCRA and state law." (Compl. ¶ 20.) As stated above, however, Defendant is a creditor and successor-in-interest to Plaintiff's original lender. (*See* RJN, Exs. B, G.) As a creditor, Defendant had the right to run Plaintiff's credit and to report that Plaintiff was behind in his payments.  Therefore, Plaintiff's argument that these actions were unlawful and were done maliciously, and with reckless disregard is unpersuasive.

      Accordingly, Plaintiff's FCRA cause of action is dismissed, but since Plaintiff could possibly allege additional facts demonstrating how the investigation of the disputed debt was insufficient, the claim is dismissed without prejudice.

      3.   <u>Invasion of Privacy (Claim 3)</u>

      In his third cause of action, Plaintiff alleges that Defendant violated his federal and state constitutional rights to privacy by unlawfully and illegally obtaining proprietary, confidential, and personal information, including Plaintiff's social security number. (Compl. ¶ 26.)  Plaintiff further contends that he has "a right to discovery" to determine where Defendant obtained his personal information. (*Id.* at ¶ 27.)

      *a.   Federal right to privacy*

      Plaintiff maintains that he has an enumerated right to privacy under the U.S. Constitution. (Compl. ¶ 26.)  There is no such enumerated right to privacy. *Roe v. Wade*, 410 U.S. 113, 152

12

1   (1973) ("The Constitution does not explicitly mention any right to privacy."). [3]  As a result, this

2   claim, to the extent it is based on federal law, fails and is subject to dismissal without leave to

3   amend.

4                          b.   *State law invasion of privacy claims*

5           Defendant contends that Plaintiff fails to plead sufficient facts to establish any of the

6   elements necessary to state a claim for invasion of privacy. (Def.'s Mot. at 9-10.) The right of

7   privacy articulated in Article 1, Section 1 of the California Constitution "protects an individual's

8   reasonable expectation of privacy against a serious invasion." *Khalilpour v. CELLCO P'ship*, C

9   09-02712 CW MEJ, 2010 WL 1267749, at *3 (N.D. Cal. Apr. 1, 2010) (citing *Hill v. National*

10  *Collegiate Athletes Assn.,* 7 Cal.4th 1, 36-37, (1994)).  A party claiming a violation of the

11  constitutional right of privacy established in article I, section I of the California Constitution must

12  establish (1) a legally protected privacy interest, (2) a reasonable expectation of privacy under the

13  circumstances, and (3) a serious invasion of the privacy interest. *Heidorn v. BDD Mktg. & Mgmt.*

14  *Co., LLC,* 2013 U.S. Dist. LEXIS 177166, at * 35-38 (N.D. Cal. Aug. 19, 2013) (citing *Int'l Fed'n*

15  *of Professional and Technical Engineers, Local 21, AFL-CIO v. Superior Court*, 42 Cal.4th 319,

16  338, (2007)).

17          Defendant does not dispute that Plaintiff has a legally protected interest in the privacy of

18  his social security information and a reasonable expectation of privacy in that information.

19  Defendant, however, explains that it has access to Plaintiff's personal information, because it is

20  his lender. (*See* Def.'s Mot. at 10.)  Thus, Plaintiff's assertion that Defendant unlawfully and

21  illegally breached his personal information "since he has never applied for or received credit or

22  any other services from Defendant" is contradicted by the judicially noticeable documents

23

24

-----

25  [3] Even if Plaintiff were to rely on the personal zone of privacy recognized in *Roe v. Wade,* it does
    not embrace the purported privacy interest Plaintiff seeks to protect here, i.e., the interest in being
26  free from allegedly unlawful and illegal procurement of proprietary, confidential, and personal
    information, including his social security number.  *See, e.g., Roe*, 410 U.S. at 153 (right to privacy
27  protects a woman's right to have an abortion); *Stanley v. Georgia*, 394 U.S. 557, 569 (1969) (right
    to privacy protects the possession and viewing of child pornography in one's own home); *Loving*
28  *v. Virginia*, 388 U.S. 1, 12 (1967) (right to privacy protects freedom to marry or not marry).

United States District Court
Northern District of California

1    establishing his debtor-creditor relationship with Defendant's predecessor, Chevy Chase Bank.

2    (Compl. ¶¶ 25-26; RJN, Ex. G.)

3                    *c.   FCRA preemption*

4         Additionally, Defendant argues that even if Plaintiff could sufficiently plead an invasion

5    of privacy claim, it fails because it is preempted to the extent that it is premised on Defendant's

6    alleged duties under the FCRA. (Def.'s Mot. at 10.)

7         Courts have interpreted § 1681t(b)(1)(F) "to preclude all state common law and statutory

8    claims, to effect Congress' intent to limit a plaintiff's recovery against furnishers of credit

9    information to only the remedies provided under the FCRA." *Miller v. Bank of Am., Nat. Ass'n*,

10   858 F. Supp. 2d 1118, 1124 (S.D. Cal. 2012). Courts have also recognized the tension between §

11   1681t(b)(1)(F) and § 1681h(e), which suggests that a plaintiff can maintain claims for defamation,

12   invasion of privacy, or negligence against a furnisher of credit information when the plaintiff

13   alleges that the furnisher provided "false information . . . with malice or willful intent to injure . . .

14   . " *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1166 (9th Cir. 2009) ("Attempting to

15   reconcile the two sections has left district courts in disarray.").

16        Here, Plaintiff's cause of action relies on Defendant's purported status as a "debt

17   collector." (*See* Compl. ¶¶ 25-26.) In this respect, Defendant's alleged invasion of privacy, i.e.,

18   using Plaintiff's social security number to report purportedly inaccurate information to credit

19   reporting agencies, is regulated by federal law and as such, would be preempted by the FCRA.

20        Nonetheless, even if Plaintiff's invasion of privacy claim were not preempted, Plaintiff

21   cannot state a viable claim for relief. Accordingly, Plaintiff's cause of action for invasion of

22   privacy is dismissed without leave to amend, because any amendment would be futile.

23        4.   Negligent, Wanton, and/or Intentional Hiring and Supervision of Incompetent
              Employees or Agents (Claim 4)
24

25        Plaintiff's fourth cause of action for negligent, wanton, and/or intentional hiring and

26   supervision alleges that:

27        Defendant [] was aware of [its] wrongful conduct in creating an alleged debt
          Plaintiffs are not obligated to, . . . Defendant knew and approve[d] of its
          incompetent employee and agents . . . against [] Plaintiff. Defendant []
28

*United States District Court*
*Northern District of California*

14

United States District Court
Northern District of California

1    negligently and/or intentionally, hired, trained, retrained, and/or supervised
     incompetent debt collectors.

2

3    (Compl. ¶ 30.)  Plaintiff argues that he suffered "substantial damages" as a result of Defendant's

     negligent hiring and/or supervision. *Id.*

4         Under California law, an employer can be liable for negligently hiring, supervising or

5    retaining an unfit employee. *Inzerillo v. Green Tree Servicing LLC*, 13-CV-06010-MEJ, 2014 WL

6    1347175, at * 6 (N.D. Cal. Apr. 3, 2014) (citing *Doe v. Capital Cities,* 50 Cal. App. 4th 1038,

7    1054 (1996)). The rationale for imposing liability is that "if an enterprise hires individuals with

8    characteristics which might pose a danger to customers or other employees, the enterprise should

9    bear the loss caused by the wrongdoing of its incompetent or unfit employees." *Inzerillo,* 2014

10   WL 1347175, at *6 (citing *Mendoza v. City of Los Angeles,* 66 Cal. App. 4th 1333, 1339 (1998)).

11   Such liability will be imposed on an employer if it "knew or should have known that hiring the

12   employee created a particular risk or hazard and that particular harm materializes." *Phillips v.*

13   *TLC Plumbing, Inc.*, 172 Cal. App. 4th 1133, 1139, 91 Cal. Rptr. 3d 864, 868 (2009) (citing *Doe,*

14   50 Cal. App. 4th at 1054).

15        Defendant contends that Plaintiff's allegations are wholly conclusory and that, under

16   California law, "a financial institution owes no duty of care to a borrower when [its] involvement

17   in the loan transaction does not exceed the scope of its conventional role as a mere lender of

18   money." (Def.'s Mot. at 10.)  The Court agrees.  In his complaint, Plaintiff fails to plead any facts

19   to establish that Defendant owed him a duty of care, as he does not name specific employees,

20   does not identify the alleged incompetence, or otherwise describe the conduct giving rise to this

21   cause of action.

22        Additionally, Plaintiff's cause of action is premised on the alleged debt collection being

23   wrongful conduct. (Compl. ¶ 30.)  As discussed above, Defendant is not a debt collector under the

24   FDCPA, so any alleged conduct undertaken by Defendant's employees is not wrongful.

25        To the extent that Plaintiff may be able to allege additional, non-conclusory facts in

26   support of this cause of action, and identify a particularized harm that resulted from an individual

27   employee, this cause of action is dismissed without prejudice.

28   ///

United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### IV.    CONCLUSION

For the reasons set forth above, the Court GRANTS Defendant Capital One's request for judicial notice.  The Court further GRANTS Defendant's motion to dismiss Plaintiff's complaint with prejudice as to Plaintiff's FDCPA and invasion of privacy claims.  Plaintiff's FCRA and negligent hiring claims are dismissed without prejudice.

If Plaintiff is able to amend his complaint to allege non-conclusory facts supporting his remaining causes of action, he may file a motion for leave to file an amended complaint consistent with this order.  The motion for leave to amend must be filed within thirty (30) days of this order, and must include a copy of the proposed First Amended Complaint attached as an exhibit.  Plaintiff should not file a motion if he cannot sufficiently allege a viable cause of action. If Plaintiff does not file a motion for leave to amend to file an amended complaint, the Court will dismiss the action with prejudice.

Plaintiff may wish to consult a manual the Court has adopted to assist *pro se* litigants in presenting their case.  This manual, and other free information, is available online at: *http://cand.uscourts.gov/proselitigants*.  Plaintiff may also wish to contact the Federal Pro Bono Project's Help Desk—a free service for *pro se* litigants—by calling (415) 782-8982.

IT IS SO ORDERED.

Dated: May 29, 2014

KANDIS A. WESTMORE
United States Magistrate Judge